UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: EQUIFAX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                              MDL No. 2800

TRANSFER ORDER

**Before the Panel:**[*] Three motions have been filed by plaintiffs who move under 28 U.S.C. § 1407 to centralize this litigation in, respectively, the Northern District of Georgia and the Eastern District of Pennsylvania (or, alternatively, the District of Minnesota). Plaintiffs' motions include 97 actions pending in various districts, as listed on Schedule A.[1] The Panel also has been notified of more than 200 potentially-related actions filed in over 60 federal districts.[2]

Though a handful of plaintiffs oppose inclusion of their claims in centralized proceedings, the vast majority of responding parties do not oppose centralization. Plaintiffs in over 85 actions support centralization in the Northern District of Georgia, as do defendants Equifax, Inc., Equifax Information Services LLC, and Equifax Consumer Services, LLC (together, Equifax). Other suggested districts include the Northern District of Alabama, the Northern District of California, the Central District of California, the Southern District of California, the Southern District of Florida, the Northern District of Illinois, the Eastern District of Kentucky, the District of Minnesota, the Eastern District of Missouri, the District of New Jersey, the Western District of Oklahoma, the Eastern District of Texas, and the Eastern District of Virginia.

Plaintiffs in one District of New Mexico action support centralization, but seek to sever and remand part of their invasion of privacy claim. Plaintiffs in one District of New Jersey action and

---

[*] Judge Sarah S. Vance, Judge Lewis A. Kaplan, and Judge Ellen Segal Huvelle took no part in the disposition of this matter. Additionally, the remaining participating Panel members appear to have interests that would usually disqualify them under 28 U.S.C. § 455 from participating in the decision of this matter. Accordingly, the Panel invoked the Rule of Necessity, and the remaining Panel members participated in the decision of this matter in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re: Adelphia Commc'ns Corp. Sec. & Derivative Litig. (No. II)*, 273 F. Supp. 2d 1353 (J.P.M.L.2003); *In re: Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*, 170 F. Supp. 2d 1356, 1357–58 (J.P.M.L.2001).

[1] Since the filing of the motions, two actions pending in the Northern District of Georgia and the District of Nevada were dismissed.

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

two potential tag-along actions oppose inclusion of their actions in centralized proceedings. Plaintiffs in one potential tag-along action oppose centralization.

On the basis of the papers filed and the hearing session held, we find that centralization under Section 1407 in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions—all of which are putative nationwide and/or statewide consumer class actions[3]—share factual issues concerning the recent cybersecurity incident involving Equifax in which the personally identifiable information of more than 145 million consumers was compromised. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary.

Plaintiffs in one District of Maryland potential tag-along action oppose centralization—the only parties to do so. They argue that there is a deep circuit split on the issue of Article III standing, making centralization before rulings on motions to dismiss inefficient. Similar arguments were advanced by plaintiffs arguing in favor of centralization in particular districts with precedent favorable to plaintiffs on the issue of Article III standing. We are not persuaded by these arguments. Transferee courts consider a wide variety of legal issues that are subject to differing precedent in their transferor courts. Moreover, the Panel does not consider the possible implications with respect to standing or other potential rulings when it selects a transferee district. *See In re: Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, MDL No. 1720, 2017 WL 4582708 at *1 (J.P.M.L. Aug. 2, 2017) ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand.") (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)).

Plaintiffs in a few actions request exclusion of their actions from centralized proceedings, variously arguing, *inter alia*, that they assert unique claims and informal coordination is feasible.[4] Plaintiffs in one action also argue that their motion for a temporary restraining order is pending. Further, plaintiffs in one action ask the Panel to sever and remand part of their privacy invasion claim, which they argue is straightforward. These arguments are not convincing. Section 1407 "does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of . . . differing legal theories is not significant where, as here, the actions still arise from a common factual core." *See In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014). Here, the substantial factual overlap among all actions, including those in which

---

[3] Although the Section 1407 motions before the Panel do not include any actions asserted by financial institutions, such claims are asserted in a number of the potential tag-along actions. Any objections to their inclusion in centralized proceedings would come before the Panel should any involved party oppose their conditional transfer. *See* Panel Rules 7.4 and 7.5.

[4] Arguments advanced by potential tag-along plaintiffs opposing inclusion of their actions in centralized proceedings will be considered in due course through the conditional transfer order process, as these actions are not now before the Panel.

plaintiffs seek exclusion, is undeniable, and any slight variations in the claims alleged is immaterial to the benefits to be had from centralized proceedings. Given the scope of this nationwide litigation, informal coordination with some cases would be unworkable here. Furthermore, the Panel cannot sever and remand only part of a claim. *See* 28 U.S.C. § 1407(a) ("[T]he panel may separate any claim, cross-claim, counter-claim, or third-party claim. . . ."). Finally, plaintiffs' motion for a temporary restraining order has been denied.

Some financial institution plaintiffs in a potentially-related action request that actions filed by financial institutions not be consolidated, but rather centralized with the other related actions, and that a separate track be created for these actions, but the Panel has left to the transferee court "the extent and manner of coordination or consolidation" of actions in an MDL. *See In re: Cook Med., Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 949 F. Supp. 2d 1373, 1375 (J.P.M.L. 2013).

We select the Northern District of Georgia as the transferee district for this litigation. Equifax is headquartered in that district, and relevant documents and witnesses thus likely will be found there. Selection of the district is supported by defendants and the vast majority of responding plaintiffs. Far more actions are pending in this district than in any other court in the nation. We are assigning the litigation to an experienced transferee judge who we are confident will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Georgia are transferred to the Northern District of Georgia , and, with the consent of that court, assigned to the Honorable Thomas W. Thrash for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Marjorie O. Rendell
Acting Chair

Carles R. Breyer           R. David Proctor
Catherine D. Perry

**ATTEST: A TRUE COPY**
**CERTIFIED THIS**

**NOV 2 2 2017**

James N. Hatten, Clerk
By: Margaret M. Callies
Deputy Clerk

IN RE: EQUIFAX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                              MDL No. 2800

### SCHEDULE A

Northern District of Alabama

PANTAZE v. EQUIFAX INFORMATION SERVICES LLC, C.A. No. 2:17-01530
OSTOYA, ET AL. v. EQUIFAX, INC., C.A. No. 2:17-01550
WALKER, ET AL. v. EQUIFAX, INC., C.A. No. 5:17-01527
HIGHFIELD v. EQUIFAX, INC., ET AL., C.A. No. 5:17-01567

Western District of Arkansas

GRAY, ET AL. v. EQUIFAX INFORMATION SERVICES, LLC., C.A. No. 6:17-06095

Central District of California

RAFFIN v. EQUIFAX, INC., C.A. No. 2:17-06620
BANDOH AIDOO v. EQUIFAX, INC., C.A. No. 2:17-06658
JOOF, ET AL. v. EQUIFAX, INC., C.A. No. 2:17-06659
TADA, ET AL. v. EQUIFAX, INC., C.A. No. 2:17-06666
SCOTT v. EQUIFAX, INC., C.A. No. 2:17-06715
FAILLACE v. EQUIFAX, INC., C.A. No. 2:17-06721
MCSHAN, ET AL. v. EQUIFAX, INC., ET AL., C.A. No. 2:17-06764
BARKER v. EQUIFAX, INC., ET AL., C.A. No. 8:17-01560
COLLINS v. EQUIFAX, INC., C.A. No. 8:17-01561
AVISE v. EQUIFAX, INC., C.A. No. 8:17-01563
DURAN, ET AL. v. EQUIFAX, INC., ET AL., C.A. No. 8:17-01571

Eastern District of California

MILLER, ET AL. v. EQUIFAX, INC., ET AL., C.A. No. 2:17-01872
MYERS, ET AL. v. EQUIFAX, INC., C.A. No. 2:17-01878

Northern District of California

SPICER v. EQUIFAX, INC., ET AL., C.A. No. 5:17-05228
ALEXANDER v. EQUIFAX, INC., C.A. No. 5:17-05230
BELDEN v. EQUIFAX, INC., C.A. No. 5:17-05260
MURPHY, ET AL. v. EQUIFAX, INC., C.A. No. 5:17-05262
GALPERN v. EQUIFAX, INC., ET AL., C.A. No. 5:17-05265
SALINAS, ET AL. v. EQUIFAX, INC., C.A. No. 5:17-05284

- A2 -

Southern District of California

GERSTEN, ET AL. v. EQUIFAX, INC., C.A. No. 3:17-01828
DREMAK v. EQUIFAX, INC., C.A. No. 3:17-01829
TANKS, ET AL. v. EQUIFAX, INC., C.A. No. 3:17-01832
VONWILLER v. EQUIFAX INFORMATION SERVICES, LLC, C.A. No. 3:17-01839
SEYMORE, ET AL. v. EQUIFAX, INC., C.A. No. 3:17-01871

District of Colorado

MORRIS v. EQUIFAX, INC., C.A. No. 1:17-02178

District of District of Columbia

SANTAMAURO v. EQUIFAX, INC., C.A. No. 1:17-01852

Northern District of Georgia

MCGONNIGAL v. EQUIFAX, INC., C.A. No. 1:17-03422
CARY, ET AL. v. EQUIFAX, INC., C.A. No. 1:17-03433
KUSS v. EQUIFAX, INC., C.A. No. 1:17-03436
KEALY, ET AL. v. EQUIFAX, INC., C.A. No. 1:17-03443
RUSCITTO v. EQUIFAX, INC., C.A. No. 1:17-03444
LAPTER, ET AL. v. EQUIFAX, INC., C.A. No. 1:17-03445
MANAHER v. EQUIFAX, INC., C.A. No. 1:17-03447
SAMSON v. EQUIFAX, INC., C.A. No. 1:17-03448
WOLF v. EQUIFAX, INC., C.A. No. 1:17-03450
WASHBURN, ET AL. v. EQUIFAX, INC., C.A. No. 1:17-03451
FIORE v. EQUIFAX, INC., C.A. No. 1:17-03456
LIPCHITZ v. EQUIFAX, INC., C.A. No. 1:17-03457
MARTIN v. EQUIFAX, INC., C.A. No. 1:17-03458
MENZER v. EQUIFAX, INC., C.A. No. 1:17-03459
PAGLIARULO v. EQUIFAX, INC., C.A. No. 1:17-03460
PUGLIESE v. EQUIFAX, INC., C.A. No. 1:17-03461
PAVESI, ET AL. v. EQUIFAX, INC., C.A. No. 1:17-03476
BOUNDY, ET AL. v. EQUIFAX, INC., C.A. No. 1:17-03480
BEEKMAN, ET AL. v. EQUIFAX, INC., C.A. No. 1:17-03492

Northern District of Illinois

NEILAN v. EQUIFAX, INC., C.A. No. 1:17-06508
LANG, ET AL. v. EQUIFAX INFORMATION SERVICES, LLC, C.A. No. 1:17-06519

- A3 -

Southern District of Indiana

KING v. EQUIFAX, INC., C.A. No. 1:17-03157

District of Kansas

HOUSE v. EQUIFAX, INC., C.A. No. 2:17-02523

Eastern District of Kentucky

ANDERSON v. EQUIFAX, INC., C.A. No. 2:17-00156
TOMLIN, ET AL. v. EQUIFAX INFORMATION SERVICES, LLC,
  C.A. No. 2:17-00158

District of Maryland

GALLANT v. EQUIFAX, INC., C.A. No. 8:17-02712

District of Massachusetts

COLE v. EQUIFAX, INC., C.A. No. 1:17-11712
SKYE v. EQUIFAX, INC., C.A. No. 1:17-11742

Eastern District of Michigan

CHERNEY, ET AL. v. EQUIFAX, INC., C.A. No. 2:17-12966

District of Minnesota

AMADICK, ET AL. v. EQUIFAX INFORMATION SERVICES, LLC,
  C.A. No. 0:17-04196

Northern District of Mississippi

BYAS, ET AL. v. EQUIFAX, INC., C.A. No. 4:17-00130

Western District of Missouri

KRAWCYK v. EQUIFAX, INC., C.A. No. 4:17-00760

- A4 -

District of Nevada

KNEPPER v. EQUIFAX INFORMATION SERVICES, LLC, C.A. No. 2:17-02368
MCCALL, ET AL. v. EQUIFAX INFORMATION SERVICES, LLC,
   C.A. No. 2:17-02372

District of New Jersey

KENDALL v. EQUIFAX INFORMATION SERVICES, LLC, C.A. No. 1:17-06922
DOWGIN v. EQUIFAX, INC., C.A. No. 1:17-06923
CHRISTEN, ET AL. v. EQUIFAX, INC., C.A. No. 1:17-06951
FRIEDMAN, ET AL. v. EQUIFAX, INC., ET AL., C.A. No. 1:17-07022
ZAMORA v. EQUIFAX, INC., ET AL., C.A. No. 1:17-07085

District of New Mexico

KILGORE, ET AL. v. EQUIFAX INFORMATION SERVICES LLC,
   C.A. No. 1:17-00942

Eastern District of New York

GROSSBERG, ET AL. v. EQUIFAX, INC., C.A. No. 1:17-05280
LEVY v. EQUIFAX INFORMATION SERVICES, LLC, ET AL., C.A. No. 1:17-05354
ZWEIG v. EQUIFAX, INC., C.A. No. 1:17-05366
JORGE, ET AL. v. EQUIFAX, INC., C.A. No. 2:17-05404

Southern District of New York

TIRELLI, ET AL. v. EQUIFAX INFORMATION SERVICES, LLC,
   C.A. No. 7:17-06868
DAVIS, ET AL. v. EQUIFAX, INC., C.A. No. 7:17-06883
BITTON v. EQUIFAX INFORMATION SERVICES, LLC, ET AL.,
   C.A. No. 7:17-06946

Northern District of Ohio

TORREY v. EQUIFAX INFORMATION SERVICES, LLC, C.A. No. 1:17-01922

Southern District of Ohio

GERSTEIN, ET AL. v. EQUIFAX INFORMATION SERVICES LLC,
   C.A. No. 1:17-00593

- A5 -

Northern District of Oklahoma

BAHNMAIER v. EQUIFAX, INC., C.A. No. 4:17-00512

Western District of Oklahoma

GIBSON, ET AL. v. EQUIFAX, INC., C.A. No. 5:17-00973

District of Oregon

MCHILL, ET AL. v. EQUIFAX, INC., C.A. No. 3:17-01405

Eastern District of Pennsylvania

AUSTIN v. EQUIFAX, INC., ET AL., C.A. No. 2:17-04045
CAPLAN v. EQUIFAX INFORMATION SERVICES, LLC, C.A. No. 2:17-04055
MANN v. EQUIFAX INFORMATION SERVICES LLC, C.A. No. 2:17-04100
HENSLEY v. EQUIFAX, INC., ET AL., C.A. No. 5:17-04105

Western District of Pennsylvania

DERBY v. EQUIFAX, INC., C.A. No. 2:17-01186

Middle District of Tennessee

MARTIN v. EQUIFAX, INC., C.A. No. 3:17-01246

Eastern District of Texas

LYNCH, ET AL. v. EQUIFAX, INC., C.A. No. 4:17-00640

Southern District of Texas

COLLINS v. EQUIFAX, INC., C.A. No. 1:17-00187

District of Utah

PARTRIDGE, ET AL. v. EQUIFAX, INC., ET AL., C.A. No. 2:17-01017

Western District of Washington

PAVITT, ET AL. v. EQUIFAX, INC., C.A. No. 2:17-01363

- A6 -

Eastern District of Wisconsin

MALONEY v. EQUIFAX, INC., C.A. No. 2:17-01238

Northern District of West Virginia

RICE, ET AL. v. EQUIFAX, INC., C.A. No. 1:17-00156